UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

| | |
|---|---|
| LARON GLENN, # 373892, | ) |
| | ) |
| Plaintiff, | )   Case No. 1:17-cv-545 |
| | ) |
| v. | )   Honorable Robert J. Jonker |
| | ) |
| JAMES APOL, et al., | ) |
| | ) |
| Defendants. | ) |
| ——————————————— | ) |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement at the Ionia Correctional Facility. The defendants are Psychologists James Apol and Elizabeth Meier, Corrections Officers Daniel Mygrants and Nicholas Bowerman, and Nurses Diane (unknown) and (unknown) Thomas.

Plaintiff alleges that defendants violated his Eighth Amendment rights. He alleges that Psychologist Meier was deliberately indifferent to the risk that he would attempt suicide, that Corrections Officers Mygrants and Bowerman used excessive force against him under the direction of Psychologist Apol, and that the nurse defendants were deliberately indifferent to his serious medical needs.[1]

The matter is before the Court on plaintiff's motion for entry of defaults against defendants (ECF No. 17) and a motion for summary judgment by defendants Apol,

---

[1] All other claims have been dismissed. (ECF No. 5, 6).

Mygrants, Bowerman, and Meier, based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) (ECF No. 22). For the reasons set forth herein, I recommend that plaintiff's motion be denied. I recommend that all plaintiff's claims against Nurses Diane (unknown) and (unknown) Thomas be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. I recommend that defendants' motion for summary judgment be denied.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of

evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant

on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendants Apol, Mygrants, Bowerman, and Meier have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534

U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009).

Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read

---

[2]A copy of the policy directive is found in the record. *See* ECF No. 22-2, PageID.198-204.

futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff was an inmate held in the custody of the Michigan Department of Corrections at all times relevant to his complaint. On June 16, 2017, he filed his complaint regarding conditions of his confinement at the Ionia Correctional Facility on and after March 11, 2016. (ECF No. 1).

The evidence defendants present in support of their motion for summary judgment addresses the much shorter period "between March and July 2016." (Lewis Aff. ¶¶ 1, 3, ECF No. 22-4, PageID.244).

Plaintiff states that between March 24 and April 7, 2016, he asked an assistant resident supervisor and four corrections officers for grievance forms and he claims that "each stated that there were no grievances."[3] (Plf. Decl., ECF No. 28-1, PageID.282).

## Discussion

### I. Motion for Entry of Default

On October 20, 2017, plaintiff filed a document labeled as a "Request and Affidavit," which was indulgently docketed as a motion for entry of defaults against

---

[3] Plaintiff's unsworn declaration under penalty of perjury satisfies the statutory requirements of 28 U.S.C. § 1746. His surreply brief and the attached exhibits (ECF No. 33, PageID.295-96; ECF No. 33-1, PageID.299-301) are disregarded because he filed them without first obtaining leave of Court. *See* W.D. MICH. LCIVR. 7.2(c).

defendants. (ECF No. 17). There is no foundation for entry of a default against any defendant. Under the case management order (ECF No. 19 at PageID.176), defendants are not required to file an answer. In addition, Nurses Diane (unknown) and (unknown) Thomas have never been served or otherwise appeared in this lawsuit. Service of process is a prerequisite to entry of a default. *See Briggs v. Burke*, No. 1:13-cv-1160, 2015 WL 5714520, at *15 (W.D. Mich. Sept 29, 2015) (collecting cases). I recommend that plaintiff's motion for entry of defaults against defendants (ECF No. 17) be denied.

## II.  Lack of Service of Process

All plaintiff's claims against Nurses Diane (unknown) and (unknown) Thomas should be dismissed for failure to achieve service of process. This lawsuit has been pending for more than eleven months and these defendants have never been served with process. Accordingly, I recommend that all plaintiff's claims against defendants Diane (unknown) and (unknown) Thomas be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. This report and recommendation serves as plaintiff's notice of impending dismissal. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *accord Reynosa v. Schultz*, 282 F. App'x 386, 393-94 (6th Cir. 2008).

## III.  Motion for Summary Judgment

Defendants Apol, Mygrants, Bowerman, and Meier have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a).

A. Rule 56(d)

Plaintiff invokes Rule 56(f) of the Federal Rules of Civil Procedure and asks the Court to deny defendants' motion. (ECF No. 28, PageID.267). The provisions of former Rule 56(f) now appear in Rule 56(d). I find that plaintiff has not presented grounds under Rule 56(d) for denying or deferring a decision on defendants' motion for summary judgment.

The Sixth Circuit's recent decision in *Scadden v. Werner*, 677 F. App'x 996 (6th Cir. 2017) is instructive. The Court of Appeals noted that "[Rule 56(d)] requires a nonmovant to show by affidavit or declaration that, 'for specified reasons, [he] cannot present facts essential to justify its opposition.' Then, 'the court *may*: (1) defer considering the motion or deny it; (2) allow time ... to take discovery; or (3) issue any other appropriate order.'" 677 F. App'x at 999 (quoting FED. R. CIV. P. 56(d)) (emphasis added). The Sixth Circuit reiterated that the "need to comply with Rule 56(d) 'cannot be overemphasized.'" 677 F. App'x at 999 (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). It noted that, without a Rule 56(d) affidavit or declaration or a motion that gives the district court a chance to rule on the need for additional discovery, an appellate court would not normally address whether there was adequate time for discovery. 677 F. App'x at 999-1000; *see also Unan v. Lyon*, 853 F.3d 279, 292 (6th Cir. 2017) ("We have observed that filing an affidavit that complies with Rule 56(d) is essential, and that in the absence of such a motion or affidavit, this court will not normally address whether there was adequate time for discovery.") (citation and quotation omitted).

Plaintiff did not file a Rule 56(d) affidavit. The purported verification at the end of his brief does not operate as a Rule 56(d) affidavit. Plaintiff indicates that the statements are true "to the best of his information, knowledge and belief." (ECF No. 28, PageID.267). "[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion." *See Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015). "Verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x. 656, 662 (6th Cir. 2009). "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.,* 448 F.3d 867, 879 (6th Cir. 2006). Plaintiff's declaration (ECF No. 28-1, PageID.282) does not address discovery.

"[A] party opposing a motion for summary judgment must 'indicate to the district court [his] need for discovery, what material facts [he] hopes to uncover, and why [he] has not previously discovered the information.' " *Arla v. Liberty Mut. Group, Inc.*, 715 F. App'x 517, 518 (6th Cir. 2018) (quoting *Unan v. Lyon*, 853 F.3d at 292-93). A single sentence at the end of plaintiff's brief stating that he has not yet had access "to discovery documents that would help defend his argument against defendants' [motion for summary judgment] under [R]ule 56([d])" (ECF No. 28 at PageID.267) does not suffice.

In addition, even when a party properly presents a Rule 56(d) affidavit and a motion to extend discovery, "the rule only provides that a court 'may' extend the discovery deadline. Thus, [the Court of Appeals] review[s] the decision 'under an

-10-

abuse of discretion standard' and only reverse[s] if the decision denying further discovery was 'arbitrary, unjustifiable, or clearly unreasonable.'" *Scadden*, 677 F. App'x at 1000 (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623-24 (6th Cir. 2014)). "In so reviewing, [the Sixth Circuit] look[s] to various factors but consider[s] primarily whether the party seeking an extension was diligent in pursuing discovery." 677 F. App'x at 1000 (citations and quotations omitted). A non-moving party's "failure to comply with 56(d) is reason enough to conclude that the district court did not abuse its discretion in granting the initial summary judgment motion, or denying his request for reconsideration, without allowing for more discovery." 677 F. App'x at 1000.

Here, the Court entered its standard case management order. Plaintiff had 45 days after defendants filed their motion for summary judgment to conduct discovery on the issue of exhaustion of available administrative remedies. (ECF No. 19, PageID.177). Plaintiff did not serve any discovery requests during this period. Plaintiff eventually served interrogatories (ECF No. 34-1, PageID.306-07), but they did not seek information regarding exhaustion of available administrative remedies. Plaintiff did not file a motion seeking an extension of the discovery deadline. He did not file an affidavit or declaration under Rule 56(d) specifying the discovery he needs in order to be able to respond to defendants' motion for summary judgment. General and conclusory assertions of the need for more discovery do not suffice. *See King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017). I find that plaintiff was not diligent in pursing discovery and that no other factor or combination of factors warrants

delaying consideration of defendants' motion for summary judgment or any other relief authorized under Rule 56(d).

B. Exhaustion

The argument and evidence that defendants offer in support of their motion for summary judgment focus on a truncated period ending in 2016, rather than the relevant period from March 11, 2016, to June 16, 2017. On this record, it would constitute error to grant defendants' motion for summary judgment.

In addition, plaintiff has presented some evidence and argument that he was unable to pursue a grievance through a Step III decision because the grievance process was not available to him. Defendants "did not present argument, affidavits, and other evidence establishing the availability of the MDOC's grievance process during the period at issue[.]" *Malott v. Mackie*, No. 1:15-cv-1148, 2016 WL 4498273, at *5 (W.D. Mich. July 26, 2016). A two-page reply brief devoid of citation to any legal authority and providing a bare conclusion that plaintiff "failed to demonstrate that he was prevented from pursuing grievances through Step III of the grievance process" (ECF No. 31) does not suffice. I find that defendants Apol, Mygrants, Bowerman, and Meier have not carried their burden on the affirmative defense and recommend that their motion for summary judgment be denied.

## Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motion for entry of defaults (ECF No. 17) be denied. I recommend that all plaintiff's claims against Nurses Diane (unknown) and (unknown) Thomas be dismissed without prejudice

pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. I recommend that defendants' motion for summary judgment (ECF No. 22) be denied.

Dated: May 23, 2018             /s/  Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).