UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LARON GLENN,

   Plaintiff,

             CASE NO. 1:17-CV-545

v.

             HON. ROBERT J. JONKER

JAMES APOL, et al.,

   Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

  The Court has reviewed Magistrate Judge Green's Report and Recommendation in this

matter (ECF No. 40) and Defendants' Objection to it (ECF No. 41). [1]  Under the Federal Rules of

Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation,

"[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de

novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL

PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate
> judge's disposition that has been properly objected to.  The district
> judge may accept, reject, or modify the recommended disposition;
> receive further evidence; or return the matter to the magistrate judge
> with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the

evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

---

[1]Plaintiff does not object to the Report and Recommendation, but has filed an "Objection" to the Defendants' Objection.  (ECF No. 44).

The Magistrate first recommends denying Plaintiff's application for entry of default (ECF No. 17) and dismissing without prejudice all claims against Defendant Nurses Diane (unknown) and (unknown) Thomas. No objections have been raised relating to this portion of the Magistrate's Report and Recommendation, and the Court agrees with the recommended disposition here for the very reasons recited by the Magistrate Judge.

The sole Objection in the record relates to the Magistrate Judge's recommendation that Defendants' motion for summary judgment (ECF No. 22) be denied because the Defendants had not carried their burden on the affirmative defense of exhaustion. More specifically, the Magistrate Judge found that it would be error to grant the motion because the Defendants' affirmative defense focused on a truncated period–the date between March and July 2016, rather than what the Magistrate concluded was the applicable period of March 2016 through June 2017. The Magistrate Judge concluded that the omission means Plaintiff could theoretically have exhausted grievances between July 2016 and June 2017. Because Defendants bear the burden of proof on the affirmative defense of failure to exhaust, this omission precluded summary judgment.

Defendants contend the Magistrate erred in finding the applicable period extended through to the date Plaintiff filed this suit because Plaintiff could only have filed timely grievances related to those complained of incidents through July 2016. (ECF No. 41, PageID.330). Defendants further contend that even if the Magistrate were correct, the proper recourse in this case is an evidentiary hearing, not denial of the motion. After performing a de novo review, the Court concludes that the Magistrate provided an accurate application of the relevant law and, accordingly, Defendants' motion for summary judgment must be denied.

"The PLRA provides as follows: 'No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Woodford v. Ngo*, 548 U.S. 81, 87-88 (2006) (quoting 42 U.S.C. § 1997e(a)). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). But it is equally plain that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 216. This means that Defendants bear the burden of coming forward with an evidentiary showing to support the affirmative defense in the motion for summary judgment.

Whether a clam has been properly exhausted is determined as of the date of the filing of the complaint or other currently operative pleading where the complaint has been amended See *Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017). A grievance cannot be exhausted after the lawsuit is filed. "It is well established that a prisoner cannot file a lawsuit first and then exhaust his administrative remedies after-the-fact." *Jennings v. Crompton*, No. 1:16-cv-921, 2017 WL 3557427, at * (W.D. Mich. July 20, 2017). But a prisoner can theoretically exhaust right up to the time of filing suit. The fundamental error in Defendants' position is that the applicable time period for purposes of an exhaustion analysis is not limited by the date of the underlying factual allegations, but by the dictates of the PLRA. For the reasons discussed above, the applicable time period under the PLRA extends to the date of the filing of the Complaint.

Defendants cannot avoid this burden of establishing failure to exhaust by suggesting that any grievance filed between July of 2016 and the filing of this lawsuit in June of 2017 would have

been untimely under MDOC rules. Even an untimely grievance can properly exhaust a claim if the defendants fail to enforce their own procedural basis in the grievance process. A procedural bar does not apply where the State declines to enforce its own procedural rules. See *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010). The pivotal question is whether the Step III decision, the last decision, was based on the enforcement of a procedural bar. *Id.* at 326 (6th Cir. 2010); see also *Reynolds-Bey v. Harris*, 428 F. App'x 493, 502 (6th Cir. 2011) (The Step III decision is "the equivalent of the last state court [decision] in [a] habeas [case.]"). The affidavit of Clarice Lewis is entirely silent regarding the period between July 2016 and June 2017. The Court therefore cannot determine whether Plaintiff filed grievances within this time, and if so whether the state enforced its own procedural rules in response. Therefore the Magistrate Judge correctly found that Defendants could not meet their burden on the affirmative defense of exhaustion.

For these reasons the Defendants' argument for an evidentiary hearing also misses the mark. This is not a case of conflicting evidence on whether Plaintiff was prevented from pursuing his administrative remedies. Rather, it's a case where Defendants failed to meet their initial burden on summary judgment of demonstrating that Plaintiff failed to exhaust during the potentially available time period established by the PLRA. Of course, denial of summary judgment does not preclude defendants from relying upon and attempting to establish a viable exhaustion defense at trial, or in any other appropriate motion.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED:**

1.     The Report and Recommendation of the Magistrate Judge (ECF No. 40) is

       **APPROVED** and **ADOPTED** as the Opinion of the Court.

2. Plaintiff's Application for Entry of Default (ECF No. 17) is **DENIED**.

3. Plaintiff's claims against Nurses Diane (unknown) and (unknown) Thomas are

   **DISMISSED WITHOUT PREJUDICE** under FED. R. CIV. P. 4(m).

4. Defendants' Motion for Summary Judgment (ECF No. 22) is **DENIED.**

Dated:     July 19, 2018         /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 CHIEF UNITED STATES DISTRICT JUDGE